UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-10302-DMG (PLAx)** | Date | December 17, 2018 |
|---|---|---|---|

| Title | *Anahid Grigorian v. Mercedes Benz USA, LLC, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On November 8, 2018, Plaintiff Anahid Grigorian filed a Complaint in Los Angeles County Superior Court against Defendants Mercedes Benz USA, LLC and Daimler AG, alleging four state-law causes of action: strict liability—design defect, strict liability—warning defect, strict liability—manufacturing defect, negligence—product liability ("Complaint"). *See* Removal Notice, Ex. A at 2–8 [Doc. # 1-1].[1] On December 12, 2018, Defendant Mercedes removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Further, when a case is removed pursuant to Section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A). "[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

CV-90       **CIVIL MINUTES—GENERAL**       Initials of Deputy Clerk KT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-10302-DMG (PLAx) | Date | December 17, 2018 |
|---|---|---|---|
| Title | *Anahid Grigorian v. Mercedes Benz USA, LLC, et al.* | Page | 2 of 2 |

Mercedes asserts that its sole member/owner is a citizen of Delaware and Michigan, Daimler is a citizen of Germany, and Plaintiff is a citizen of California. *See* Removal Notice at ¶¶ 6, 10 [Doc. # 1]. Although Mercedes points out that Plaintiff seeks monetary relief as compensation for the loss of her finger, Mercedes makes no attempt to quantify the amount-in-controversy. *See id.* at ¶ 9. Therefore, Mercedes has failed to demonstrate that the Court has diversity jurisdiction over Plaintiff's claims. *See Parker*, 570 F. Supp. at 642. Additionally, Mercedes does not clarify whether Daimler AG has been served with the Complaint and, if so, whether Daimler AG consents to the removal. Thus, Mercedes has also failed to establish compliance with 28 U.S.C. section 1446(b)(2)(A).

Mercedes is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction and improper removal. Mercedes shall file a response by no later than **December 26, 2018. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiff shall file a reply, if any, by **January 3, 2019. Each party's brief, exclusive of supporting declarations, shall not exceed 5 pages.**

**IT IS SO ORDERED.**